[L. A. No. 22363. In Bank. July 28, 1953.]

JOHN DOE HERRSCHER, a Minor, etc., Plaintiff and Respondent, v. EDMOND E. HERRSCHER, Appellant; ANN JACKSON, Cross-defendant and Respondent.

Marcel E. Cerf, Robinson & Leland, James B. Fredericks and Henry Robinson for Appellant.

Hahn, Ross & Saunders and Thomas D. Mercola for Respondents.

SHENK, J.—This is an appeal from a minute order granting plaintiff's motion to strike defendant's cross-complaint.

In July, 1951, an action was commenced by John Doe Herrscher, an unborn infant, by its guardian *ad litem* Ann Jackson, for a determination that the defendant Herrscher is the father of plaintiff, for $1,000 per month support, for $5,000 costs, for reasonable attorney's fees, and $5,000 immediately for medical care of plaintiff's mother during her pregnancy and pending the birth of the plaintiff. The complaint alleged that the plaintiff was conceived during the month of April, 1951, that at that time Ann Jackson was an unmarried woman; and that she and the defendant had never been legally married. An injunction pendente lite was secured restraining defendant and four named defendants from disposing of any of defendant's property.

The defendant filed an answer and cross-complaint. The answer denied the existence of plaintiff and denied paternity. The cross-complaint named Ann Jackson, as guardian *ad litem* and individually, and 10 fictitious persons as cross-defendants. It alleged that Ann Jackson had introduced herself to defendant by false representations; that she had engaged in a course of conduct of introducing herself to men and engaging in intimate relations with them and that on frequent occasions she had demanded money for purported pregnancies from those men under threats of violence and embarrassment; that upon learning these facts the cross-complainant had informed her that he did not desire to continue keeping company with her, whereupon she extorted money from him under threats of violence; that she had threatened to charge him with assault and burglary; that she had caused to be published in the newspapers false information concerning him; that fictitious cross-defendants, acting jointly with her in the common design to extort money from cross-complainant, had demanded that he pay her the sum of $25,000 under threats of violence, humiliation and embarrassment; and that he had no knowledge of the claimed pregnancy until this suit was brought. The cross-complaint prayed that the complaint be dismissed; that judgment be rendered declaring the nonexistence of the relationship of parent and child between cross-complainant and the purported plaintiff; for $100,000 general damages for injury to his credit and reputation; and for other relief. Some time after the filing of the complaint the unborn plaintiff died.

The cross-defendant Ann Jackson appeared and filed a demurrer to the cross-complaint. She also filed a notice of motion to strike the cross-complaint from the files on the ground that it was not filed in good faith and that it was sham, irrelevant, and frivolous. These matters came before the court for hearing on December 21, 1951, together with a motion of the defendant to dissolve the restraining order. Following the hearing an order was entered in the minutes on January 18, 1952, the pertinent parts of which are as follows: ". . . Demurrer is ordered off calendar. Motion of plaintiff and cross-defendant is granted. Motion of defendant is granted. (Defendant to prepare, serve and file formal order). . . ."

The defendant contends that there is no basis in law for striking his cross-complaint from the files; that it sufficiently states a cause of action by way of cross-complaint against Ann Jackson within the terms of section 442 of the Code of Civil Procedure; that it is shown therein that Ann Jackson is endeavoring to perpetrate a fraud on him by falsely alleging that she is pregnant because of him; that she is using her alleged pregnancy as a means to obtain money from him; that her alleged physical condition and personal conduct are sufficiently connected with the alleged cause of action for her own claim of support as to give it proper standing as a cross-complaint; and that in any event there is no showing whatever to justify striking his cross-complaint from the file on the grounds asserted.

It is the position of the plaintiff that an order dismissing a cross-complaint or striking it from the files is not an appealable order and, furthermore, that the particular order from which this appeal is taken is not a final order and therefore is not appealable.

■ An order granting a motion to strike a cross-complaint from the files is equivalent to an order dismissing the cross-complaint. (*Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39].) Where the parties to the cross-complaint are not identical with the parties to the original action, the order amounts to a final adjudication between the cross-complainants and cross-defendants and is appealable. (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668]; *Kennedy* v. *Owen*, 85 Cal.App. 2d 517, 520 [193 P.2d 141].) ■ It has long been the rule in this state that an order of dismissal is to be treated as a

judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment. (*Southern Pac. Co.* v. *Willett*, 216 Cal. 387 [14 P.2d 526].)

The time for filing a notice of appeal is determined by the provisions of rule 2 of the Rules on Appeal, namely, "within 60 days from the date of entry of the judgment."* This rule followed the provisions of former section 939 of the Code of Civil Procedure which it superseded. Difficulties in practice were encountered in determining what was meant by the phrase "date of entry." Did it mean the date when the order was set forth in the so-called rough minutes of the court, or did it mean the date when it was entered in the permanent minutes? What was the effect of an appealable order evidenced by a minute entry which was followed later by a written order or judgment filed? ■ It has been decided that where findings of fact or a further or formal order is required, an appeal does not lie from a minute order. (*Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335 [182 P.2d 182]; *Estate of Dow*, 91 Cal.App.2d 420 [205 P.2d 698]; *Hirschberg* v. *Oser*, 82 Cal.App.2d 282 [186 P.2d 53].)

■ Rule 2(b)(2) was adopted to clarify this situation. As amended, effective January 1, 1951 (36 Cal.2d 1), this rule provides: "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order." The language of this rule is clear and leaves no room for interpretation. (*Pessarra* v. *Pessarra*, 80 Cal.App.2d 965, 967 [183 P.2d 279].)

■ It is a matter of trial court procedure whether the court chooses to make its final decision by the entry in the minutes of an order without a direction that a written order be prepared, signed and filed, or elects to enter a direction that a formal order be prepared. (*Gwinn* v. *Ryan*, 33 Cal.2d 436 [202 P.2d 51].)

Here the direction for a formal order was made to the defendant. A motion on behalf of each party was ruled upon at the same time, one by the plaintiff to dismiss the cross-complaint and the other by the defendant to dissolve the re-

---

*Rule 40(g) of the Rules on Appeal provides: " 'Judgment' includes any judgment, order or decree from which an appeal lies."

straining order. Both motions were granted. It was discretionary with the court to direct either party to prepare the formal order. The fact that the direction was to the defendant immediately following the order granting his motion would not relieve him of the duty to prepare a formal order disposing of all matters embraced within the minute order, including the disposition of the motion against him. It would be unreasonable to impose upon the court the duty to require both parties to prepare the formal order. When prepared, signed and filed the order would properly include a disposition of all of the matters embraced within the minute order, both for and against the party charged by the court with the duty of preparing it. Here, the direction of the court was not complied with and a final, formal order was never filed.

 The defendant calls attention to the fact that when section 581d was added to the Code of Civil Procedure in 1947 it provided that "All dismissals ordered by the court shall be entered upon the minutes thereof . . . and such orders when so entered shall constitute judgments and be effective for all purposes . . ."; also that when the same section was reenacted in 1951 (effective January 1, 1952) it incorporated the language just quoted. It is urged that since the code section as reenacted was effective after the adoption of rule 2(b)(2) the rule has been superseded by the code provision. The conclusion is then drawn that the minute order entry is "effective for all purposes." But this does not follow. The code section obviously contemplates that the minute entry there referred to shall be a presently effective order and not an order such as we have here which by its terms and provisions of the rule is not to take effect until the formal order is prepared, signed and filed. In other words the code section deals with orders "entered upon the minutes" which by their terms are final. It does not assume to declare effective immediately upon its entry in the minutes an order which the trial court has expressly indicated should take effect at a later date. The code section does not declare what shall constitute entry, nor the time when an order shall be deemed entered for the purpose of starting the time within which an appeal may be taken. These are matters within the scope of the Rules on Appeal. They are clearly and definitely provided for in the rules and there is no inconsistency between

them and the code provisions. It was within the discretion of the trial court to direct that a written order be prepared, signed and filed. Such a direction was made and was entered in the minute order. Since no written order was filed there is no final order on file and the minute order is not appealable.

The appeal is dismissed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.