[Civ. No. 22850. Second Dist., Div. Two. Dec. 12, 1957.]

D. SHETA, Appellant, v. ALAN GRAHM et al., Respondents.

William John Hyland III for Appellant.

David M. Zerner and Philip Silverman for Respondents.

FOX, Acting P. J.—This is a motion to dismiss the appeal on the ground that the notice of appeal was not filed within the time required by the Rules on Appeal in view of the provisions of rule 2(b) (2).

Plaintiff brought this action as an assignee of a Nevada corporation. Prior to filing their answer defendants made a motion to dismiss on the ground, inter alia, that the plaintiff had forfeited its powers, rights and privileges in this state because of nonpayment of its franchise tax. (Rev. & Tax. Code, §§ 23301, 23302.) In support of this motion, defendants submitted the affidavit of one of their attorneys in which he stated that at all times mentioned in the second amended complaint plaintiff's assignor, Eldindia Corporation, was a Nevada corporation; that the right of said corporation to exercise corporate rights and privileges in the State of California was forfeited on September 1, 1950, for failure to pay taxes due to the Franchise Tax Board of the State of California, and that "said corporation has never since been and is not now reinstated or relieved from said forfeiture in California." The affiant attached a certificate of the Secretary of State of California in support of his averments. No counteraffidavit was filed.

On July 23, 1957, the trial court granted the motion to dismiss and directed the attorney for the defendants to prepare a formal order of dismissal. The signed "order dismissing defendants and judgment for their costs" was filed August 1, 1957, and entered August 14th. Notice of appeal was filed October 11, 1957.

It is respondents' position that the time for appeal started to run on August 1, 1957, the date on which the formal order of dismissal was filed, and that since the notice of

appeal was not filed until more than 60 days thereafter, it was too late, and the appeal must be dismissed.

Appellant contends, however, that the time for appeal did not start to run until the entry of judgment on August 14, and that since his notice of appeal was filed on October 11 he is in ample time.

■ Rule 2(b)(2), Rules on Appeal, reads: "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, *unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order.*" (Emphasis added.)

As pointed out in *Herrscher* v. *Herrscher,* 41 Cal.2d 300, 304 [259 P.2d 901], "The language of this rule is clear and leaves no room for interpretation." The Herrscher case, procedurally, is closely analogous to the one at bar. In the Herrscher case, defendant filed a cross-complaint which brought in additional parties. Plaintiff made a motion to strike the cross-complaint; the motion was granted, the minute order, as here, containing a direction to counsel to prepare a formal order. An appeal was taken. In due course, a motion to dismiss the appeal was made. In passing on the matter, the court announced principles that are pertinent to the disposition of the motion in the instant case. ■ The court stated: "An order granting a motion to strike a cross-complaint from the files is equivalent to an order dismissing the cross-complaint. [Citation.] Where the parties to the cross-complaint are not identical with the parties to the original action, the order amounts to a final adjudication between the cross-complainants and cross-defendants and is appealable. [Citations.] ■ It has long been the rule in this state that an order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment. [Citation.]

"The time for filing a notice of appeal is determined by the provisions of rule 2 of the Rules on Appeal, namely, 'within 60 days from the date of entry of the judgment.'* This rule followed the provisions of former section 939 of

---

*"'Rule 40(g) of the Rules on Appeal provides: '"Judgment" includes any judgment, order or decree from which an appeal lies.'"

the Code of Civil Procedure which it superseded. Difficulties in practice were encountered in determining what was meant by the phrase 'date of entry.' Did it mean the date when the order was set forth in the so-called rough minutes of the court, or did it mean the date when it was entered in the permanent minutes? What was the effect of an appealable order evidenced by a minute entry which was followed later by a written order or judgment filed? ■ It has been decided that where findings of fact or a further or formal order is required, an appeal does not lie from a minute order. [Citations.] Rule 2(b)(2) was adopted to clarify this situation . . .

■ "It is a matter of trial court procedure whether the court chooses to make its final decision by the entry in the minutes of an order without a direction that a written order be prepared, signed and filed, or elects to enter a direction that a formal order be prepared. [Citation.]" (*Supra*, 303-304.)

■ Applying these principles to the case at bar, it is apparent that an order dismissing the complaint herein is equivalent to the order dismissing the cross-complaint in the Herrscher case. The order of dismissal herein amounts to a final adjudication between the parties, just as the order dismissing the cross-complaint in the Herrscher case amounted "to a final adjudication between the cross-complainants and cross-defendants" therein. Such "an order of dismissal," as stated in the Herrscher case, "is to be treated as a judgment for the purposes of taking an appeal" since it finally disposed of the action and prevented "further proceedings as effectually as would any formal judgment." It is thus clear that the order of dismissal is appealable. (*Herrscher* v. *Herrscher, supra.*)

In order to eliminate, in such circumstances, any uncertainty as to the date from which the time for appeal started to run, rule 2(b)(2) was promulgated. The portion which we have italicized specifically covers the situation before us. ■ The trial court directed counsel to prepare a formal order for the court's signature. Such order was signed by the trial judge, and filed on August 1st. Under the plain language of rule 2(b)(2) the time for appeal then started to run. (*Herrscher* v. *Herrscher, supra.*) Since the plaintiff did not file his notice of appeal until October 11, which was more than 60 days after the formal order of dismissal was filed, it is

apparent that plaintiff's notice of appeal was filed too late and that the appeal must be dismissed.

Appellant contends that the motion to dismiss was a "speaking motion" and, as such, it should have been treated as a motion for summary judgment under Code of Civil Procedure section 437c. Hence the time for appeal would not begin to run until the entry of judgment. In this connection plaintiff relies upon *Pianka* v. *State*, 46 Cal.2d 208 [293 P.2d 458]. In that case the plaintiff sought damages for personal injuries resulting from the explosion of a shell which was left by the National Guard on a public firing range. Defendants raised the defense of sovereign immunity by means of a motion to dismiss supported by an affidavit. The trial court granted the motion and our Supreme Court reversed on the ground that the affidavit merely controverted a material allegation of the complaint, therefore presenting a triable issue of fact. It should first be noted that the court decided the case on the merits and not upon a motion to dismiss the appeal. The question of the time within which to file notice of appeal was not involved and was not considered by the court. Moreover, while it is true that the court stated that "a speaking motion to dismiss should be treated as a motion for summary judgment in order to preserve the safeguards provided by the statute" (*Pianka* v. *State, supra,* p. 212), the court nevertheless noted that "the statute [§ 437c] does not expressly state that it was intended to supersede speaking motions, and the parties did not consider its applicability" in the proceeding. The court therefore "tested the propriety of the judgment under the rules laid down by the decisions involving speaking motions." In the instant case neither the parties nor the court ever indicated that they were treating the motion to dismiss as a motion for summary judgment. Plaintiff now makes this contention as a last effort to avoid the consequences of his own default. We will therefore treat this matter as did the parties and the trial court—as a nonstatutory speaking motion to dismiss. The case of *Integral Land Corp.* v. *Anderson*, 62 Cal.App.2d 770 [145 P.2d 364], also relied upon by appellant, is not applicable. It dealt with a motion to dismiss which was made expressly pursuant to section 437c and which was so treated by the parties and the court.

Since the trial court, when it granted the motion to dismiss, elected to direct that a formal order be prepared, signed and filed, and since this was done, the specific provisions of

rule 2(b)(2) are controlling. The notice of appeal, not having been filed within 60 days, was filed too late.

The appeal is dismissed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.