[Civ. No. 18526.   First Dist., Div. One.   Sept. 14, 1959.]

THOMAS P. WHITE et al., Appellants, v. HAROLD J. OSTLY, as County Clerk, etc., Respondent; JOHN G. OPPENHEIMER, Real Party in Interest.

Stanley Mosk, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Appellants.

Harold W. Kennedy, County Counsel (Los Angeles), and Joel R. Bennett, Deputy County Counsel, for Respondent.

John G. Oppenheimer, in pro. per., for Real Party in Interest.

TOBRINER, J.—Appellants' contention here that the county clerk must enter in the judgment book a "Judgment of Dismissal" rendered after the court granted a motion to dismiss, with directions to the attorney to prepare the order, cannot be sustained in the face of section 581d of the Code of Civil Procedure, the desirability of simplicity of procedure, the legislative intent, and the practical considerations involved.

Appellants here are defendants in the case of *Oppenheimer* v. *Ashburn, ante,* p. 624 [343 P.2d 931] (Los Angeles Superior Court No. 691595) which we have decided on appeal this day (1 Civ. 18508). In that action the Superior Court in and for the County of Los Angeles on February 5, 1958, sustained demurrers of appellants to the amended complaint granting 10 days in which to amend. When plaintiff failed to amend within the designated time appellants moved to dismiss pursuant to section 581, subdivision 3. On March 25, 1958, the court ruled "MOTION GRANTED    ATTORNEY TO PREPARE ORDER."

On March 28, 1958, respondents filed a document signed by Judge John F. Aiso of that superior court entitled "Judgment of Dismissal," in which it was stated: "[T]he Court having sustained . . . demurrers with 10 days leave to amend, the plaintiff having failed to amend . . . within . . . time allowed, and the said defendants having presented an application for dismissal under Code of Civil Procedure Section 581(3) and affidavit in support thereof;

"Now THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff's amended complaint be, and the same is hereby dismissed as to . . . [defendants White, Doran and Fourt] said defendants [to] recover their costs of suit against plaintiff taxed herein [at] . . . $18.50."

The county clerk refused to enter the "Judgment of Dismissal" in the judgment book, stating that the decision in *Sheta* v. *Grahm* (1957), 156 Cal.App.2d 77 [318 P.2d 756], held that an appeal "filed within 60 days after the date of entry in the judgment book" but more than 60 days after the filing date of the formal order of dismissal, "was filed too

late." The clerk contended that "if the entry date in the judgment book is disregarded as the date from which the time for appeal starts to run, . . . it serves no purpose for the Clerk to make such entry, and . . . such entry might place the Clerk in the position of misleading a prospective appellant as to the time from which an appeal starts to run." Not convinced of the validity of the clerk's position, appellants petitioned for a writ of mandate on May 9, 1958, directing the clerk to enter the "Judgment of Dismissal" in the judgment book. The superior court thereupon issued an alternative writ.

The petition for mandate alleged in paragraph V that petitioners had "no plain, speedy, or adequate remedy in the course of law," in that the judgment of dismissal would not become effective until entered and that the time for appeal would "not commence to run until the entry of said judgment." On May 20, 1958, the clerk filed an answer admitting all of petitioner's allegations except paragraph V which he denied. Oppenheimer, named as the real party in interest, filed a demurrer to the petition, which the court overruled. After taking evidence, the court denied the peremptory writ. The court found that the "Judgment of Dismissal," was "entered for all purposes *at the time it was filed* with" (italics added) the clerk, on March 28, 1958; that there was "no duty" on his part to enter the "order in the Judgment Book," and that accordingly petitioner's allegations in paragraph V were not true. The court thereby accepted the clerk's contention that the "MOTION GRANTED    ATTORNEY TO PREPARE ORDER" of March 25, 1958, was merely a direction to prepare a formal order.

Appellants' appeal from this denial of their petition projects the issue before us. It involves the interpretation of two sections of the Code of Civil Procedure. Respondent successfully contended in the superior court that section 581d of the Code of Civil Procedure applied. That section provides: "All dismissals ordered by the court shall be entered upon the minutes thereof or in the docket in the justice court, as the case may be, and such orders when so entered shall constitute judgments and be effective for all purposes, and the clerk in superior and municipal courts shall note such judgments in his register of actions in the case." Appellants urge the applicability of section 668 of the Code of Civil Procedure reading: "The clerk of the superior court must

keep, with the records of the court, a book called the 'judgment book,' in which judgments must be entered.''

■ Appellants' contention that the order would not be effective as a judgment until entrance in the judgment book, pursuant to section 668, compelling an additional procedural step to the completion of the order, both complicates the procedural process and, in our judgment, conflicts with the legislative intent. Here appellants moved to dismiss the action pursuant to the Code of Civil Procedure. The court granted the motion and instructed the attorney to prepare the order. That order ''when so entered'' became under section 581d a judgment ''effective for all purposes.'' We do not believe that section 668 should be construed to nullify section 581d by the requirement that a second procedural formality be undertaken. The Legislature could not have meant that section 581d compose a dismissal into a judgment, effective for all purposes, and yet require that conformity to section 668 be a condition to the judgment. If the language of the section means that a dismissal constitutes a judgment, the additional entry in the judgment book would compel the performance of an idle and formal act. Neither the language of the sections nor the history of section 581d supports appellants' position.

The history of section 581d discloses that the Legislature intended by it to provide a specific method for obtaining a judgment after failure to amend a complaint to which a demurrer had been sustained. Section 581 as originally enacted in 1872 carried no provision for dismissal after a demurrer had been sustained and plaintiff failed to amend. In 1933 the provision relating to failure to amend after a demurrer had been sustained was added to subdivision 3. (16 West's Ann.Cal. Codes, 63.) In 1947 the provisions relating to entry of dismissals in the clerk's register or judicial docket were deleted from section 581 and incorporated into a new section (581d). The new section also provided that all orders of dismissal by the court, when entered upon the minutes of the court ''*shall constitute judgments* and be effective for all purposes,'' the italicized words being newly added. (*The Work of the 1947 California Legislature*, 21 So.Cal.L.Rev. (1947) 1, 9.) The Legislature thus explicitly provided that the order of dismissal be a judgment.

Many criticisms have been leveled at the legal process for cumbersome and useless procedures inherited from a time when formality rather than expedition characterized the

process itself. Today courts and Legislature alike have striven to clear away duplication and embellishment. To impute to the Legislature the design that two procedural steps, the entry of the dismissal plus the entry of formal judgment, must be taken when one would suffice is to find it meant to complicate a procedure which it avowedly sought to simplify. The procedural architecture of the modern law needs no elaboration reminiscent of the rococo adornments of the nineteenth century.

Cases upon which appellants rely do not change this result. *Wood, Curtis & Co.* v. *Missouri etc. Ry. Co.* (1907) 152 Cal. 344 [92 P. 868], significantly predates by 40 years the enactment of section 581d. In this case, after the court sustained a demurrer with leave to amend, plaintiff elected to stand upon his complaint; the court rendered a judgment which was spread on the "civil minutes of the court" prior to April 1, 1905; plaintiff appealed; thereafter, in September, 1905, the judgment was entered in the judgment book. The Supreme Court held the appeal premature because, as the section *then read,* "It would be an unwarranted assumption of legislative power on the part of the court to hold that the special provision of section 581 . . . as to the manner of making certain dismissals, is applicable to such a judgment simply because of the nature of the relief granted thereby . . . .

"We are satisfied that the place designated by law for the entry of this judgment was the judgment book . . . ." In the absence of a specific reference to the instant situation which pertains to a failure to replead after the sustaining of a demurrer, the court found the only existent and applicable provision in section 668. But the decision necessarily refers to a procedure made obsolete by the Legislature's more recent enactments.

*Berri* v. *Superior Court* (1955), 43 Cal.2d 856 [279 P.2d 8], cited by appellants, involves, as the court initially explains, section 583 of the Code of Civil Procedure, which applies to dismissal of actions for delay in trial; it has nothing to do with the relationship of section 581d and section 668.

Finally, appellants cite *Herrscher* v. *Herrscher* (1953), 41 Cal.2d 300 [259 P.2d 901], for their proposition that section 581d does not apply because "the court did not intend to dismiss the action on March 25, 1958, by a presently effective minute entry, but directed the preparation of a written

order.'' But *Herrscher* does not sustain appellants' surgical attempt to cut section 581d to the single case of a minute entry in the absence of any direction to prepare a written order. That case determines only the time from which the right of appeal runs; it upholds rule 2(b)(2) of the Rules on Appeal which fixes as that time ''the date of . . . entry'' of the order ''in the permanent minutes unless such minute order as entered expressly directs that a written order be prepared . . . in which case the date of entry shall be the date of filing of the signed order.''

The language of *Herrscher* shows that it only upheld the Rules on Appeal, as to the date for appeal, in accordance with the code section, not abrogating that section but implementing it. Thus the court states: ''It is urged that since the code section . . . was effective after the adoption of rule 2(b)(2) the rule has been superseded by the code provision. The conclusion is then drawn that the minute order entry is 'effective for all purposes.' But this does not follow . . . . [T]he code section deals with orders 'entered upon the minutes' which by their terms are final. It does not assume to declare effective immediately upon its entry in the minutes an order which the trial court has expressly indicated should take effect at a later date. The code section does not declare what shall constitute entry, nor the time when an order shall be deemed entered for the purpose of starting the time within which an appeal may be taken. These are matters within the scope of the Rules on Appeal. They are clearly and definitely provided for in the rules and there is no inconsistency between them and the code provisions.'' (Pp. 305-306.)

We submit that the language of the section as well as the imperative of expeditious procedure support the judgment of the lower court. ▮ Appellants' contention that this judgment deprives them of certain protections, such as the permanent and final determination of the issues through a judgment, the fixing of the time ''for moving or opposing a motion for a new trial'' and of ''the time in which to file a cost bill,'' cannot prevail against the respondent's position that the ruling which appellants urge would both complicate and confuse. As to the practical considerations, appellants do not meet the observations of respondent as to *Sheta* v. *Grahm, supra* (1957), 156 Cal.App.2d 77, which indeed seems to rest upon Herrscher. As to the alleged deprivations, appellants claim that the time for making a motion for new

trial will not run until entry in the judgment book is without merit, since the clerk's refusal to file the proffered document in the judgment book has no effect upon a motion for a new trial. Similarly, failure to enter such a dismissal in the judgment book cannot block the filing of a cost bill. (Code Civ. Proc., § 1033.) Finally, the fear that the clerk's position deprives appellants of permanent protection cannot stand in the face of our interpretation that the entry pursuant to 581d itself fixes the date of appeal and thus affords the sought permanent protection.

In the light of the legislative expression and intent, the desired expedition of procedure, and the practical considerations involved, we conclude the clerk was not required to enter the document entitled "Judgment of Dismissal" in the judgment book.

We affirm the judgment.

Bray, P. J., and Wood (Fred B.), J., concurred.