[Civ. No. 9141.   Fourth Dist., Div. One.   June 2, 1969.]

NORMA GRASKI, Plaintiff and Appellant, v. DOLORES E. CLOTHIER et al., Defendants and Respondents.

Phill Silver and Robert M. Silver for Plaintiff and Appellant.

Dexter D. Penman for Defendants and Respondents.

WHELAN, J.—The court sustained a demurrer to plaintiff's second amended complaint with leave to amend within 30 days; she failed to amend and now appeals, contending her amended complaint states a cause of action.

*Assigned by the Chairman of the Judicial Council.

Since we hold that the purported order appealed from is nonappealable, we do not touch upon the merit or lack of merit of plaintiff's contentions.

Two of the three named defendants joined in a demurrer to the amended complaint; the third demurred separately. The two demurrers, ruled upon on different days, were sustained, and leave given to amend as to all defendants within 30 days of the sustaining of the demurrer first ruled upon.

Notice of the ruling on the first demurrer was given by the two defendants who had joined in it.[1]

After the lapse of the time allowed, those two defendants noticed a motion to dismiss, under Code of Civil Procedure, section 581, subdivision 3. The motion was heard and granted on the date noticed.

The court's ruling is embodied only in the following minute entry:

"Motion of defendants Dolores E. Clothier and Jack Buyer [sic] for order to dismiss.

"Plaintiff did not appear in person or by counsel. Defendant in court by counsel Dexter Penman. Motion granted.

"ENTERED 8-14-67"

The appeal has been taken from that minute order.

█ The minute order is not "in the form of a written order signed by the court and filed in the action."

In 1963, Code of Civil Procedure, section 581d, was amended to read in relevant part as follows: "All dismissals ordered by the court shall be *in the form of* a written order signed by the court and filed in the action or in the docket in the justice court, as the case may be, and such orders when so filed shall constitute judgments and be effective for all purposes, and the clerk in superior and municipal courts shall note such judgments in his register of actions in the case." [Italics added.]

Prior to that amendment, a minute entry granting a motion to dismiss for failure to amend within the time allowed [Code Civ. Proc. § 581, subdivision 3], such as that made in the present case, was an appealable judgment by virtue of the 1947 adoption of section 581d. (*White* v. *Ostly* (September 14, 1959) 173 Cal.App.2d 636, 639 [343 P.2d 937].)

In *Adohr Milk Farms, Inc.* v. *Love*, 255 Cal.App.2d 366, 368 [63 Cal.Rptr. 123], defendant, after answer, made a motion to dismiss, or to strike complaint, or for judgment on

---

[1]That such notice was given appears from a statement by counsel for the moving parties in support of the motion to dismiss.

the pleadings. The only record of the action taken on the motion was a minute order reciting, "Motion granted. Attorney order." It was held that there had not been any final disposition of the motion because of the 1963 amendment of section 581d.

The minute entry in the present case makes no mention that a formal order is to be prepared. The presence or absence of such a provision is of no significance in view of the language of the code section. (*White* v. *Ostly, supra,* 173 Cal.App.2d 636.)

Section 581d, in its earlier form, applied to rulings on motions to dismiss made for failure to amend. (*White* v. *Ostly,* 173 Cal.App.2d 636 [343 P.2d 937].) It must be held so to apply in its present form.

Since the appeal is from a nonappealable minute entry, it is dismissed.

Coughlin, Acting P. J., and Ault, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.