[Civ. No. 33765.  Second Dist., Div. Five.  Dec. 23, 1969.]

LOUIS RIOS, Plaintiff and Appellant, v.
TORVALD KLAVENESS, Defendant and Respondent.

## COUNSEL

Magana, Olney, Levy, Cathcart & Gelfand and Richard Devirian for Plaintiff and Appellant.

Cooper, White & Cooper, R. Barry Churton, Alan L. Fox, Betts & Loomis and Richard F. Runkle for Defendant and Respondent.

## OPINION

**AISO, J.**—Plaintiff (appellant) commenced an action on March 9, 1964, seeking damages for personal injuries allegedly sustained on or about March 12, 1963, as the result of the negligence of defendant (respondent) Torvald Klaveness, a Norwegian corporation, and the unseaworthiness of its mer-

chant vessel, *S. S. Baleares,* on which plaintiff was working as a longshore-man while the vessel was docked at Los Angeles Harbor. Service of the summons and complaint upon Klaveness named as a Doe defendant in the complaint was effected on March 7, 1968, by service upon the master of the *M. S. Sira,* another Klaveness-owned ship. The trial court granted Klaveness' motion to dismiss the action for failure to serve summons upon it within three years following commencement of the action (Code Civ. Proc., § 581a).[1]

■ Plaintiff seeks a review of the trial court's action by appealing from an unsigned minute order, dated April 12, 1968, which is not an appealable order and which consequently renders the attempted appeal subject to dismissal. (*Graski* v. *Clothier* (1969) 273 Cal.App.2d 605 [78 Cal.Rptr. 447]; *Adohr Milk Farms, Inc.* v. *Love* (1967) 255 Cal.App.2d 366, 369 [63 Cal.Rptr. 123]; *Palazzi* v. *Air Cargo Terminals, Inc.* (1966) 244 Cal. App.2d 190, 192 [52 Cal.Rptr. 817]; Code Civ. Proc., § 581d.) To avoid a technical disposition, appellant's counsel was advised several weeks prior to oral argument that if he could obtain a written signed order of dismissal, this court would be amenable to favorably considering a motion to augment the record at the time of oral argument. However, neither he nor Klaveness' counsel appeared for oral argument and no appealable order of dismissal has been filed. We, therefore, dismiss the appeal but only after first having satisfied ourselves that the appellant would not have prevailed on the merits.

### I.

Prior to the service on March 7, 1968, plaintiff had made two previous abortive attempts to obtain personal jurisdiction upon Klaveness. He attempted a substituted service on or about February 17, 1967, by serving the Secretary of State and giving Klaveness notice by registered mail pursuant to sections 603 and 604 of the Harbors and Navigation Code, which provides for such method of service. Motion to quash this service was granted upon the ground that the statute which was not effective until September 20, 1963, did not apply retroactively to a cause of action which arose on March 12, 1963, prior to the effective date.[2]

---

[1] The portion of Code of Civil Procedure section 581a pertinent to this appeal reads: "[A]ll actions . . . hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless . . . summons shall be served and return thereon made within three years after the commencement of said action . . .; provided, that . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State." (As amended Stats. 1955, ch. 1452, p. 2640, § 5.)

[2] In this connection, see 99 A.L.R.2d pp. 293-294.

Plaintiff next attempted to effect service by serving the States Marine Isthmian Agency, Inc., which it believed to be Klaveness' agent for service of process under Corporations Code section 6500. Upon a showing that no agency existed, a second motion to quash service of summons was granted on August 1, 1967.

Plaintiff prosecuted no appeal from either of these two orders quashing service of summons notwithstanding their being independently appealable under section 963, subdivision 4, of the Code of Civil Procedure then in force.[3] (Cf. also *Kneeland* v. *Ethicon Suture Laboratories, Inc.* (1953) 118 Cal.App.2d 211 [257 P.2d 727] [orders quashing service of summons even prior to the 1951 amendment adding subdivision 4 to Code Civ. Proc., § 963, held appealable]; see Cal. Civil Appellate Practice (Cont.Ed.Bar) § 5.37, p. 193.) We therefore need not concern ourselves as to the validity of those two orders.

## II.

Plaintiff contends that Klaveness was absent from the state within the meaning of the provisions of section 581a of the Code of Civil Procedure as it had appointed no agent for service of process as required of a foreign corporation doing business in the state. Although no California case involving a foreign corporation has been brought to our attention by either party, in the instance of a domestic corporation it has been held that the three-year period for effecting service of summons under section 581a is not tolled where substituted service is available. (*Coates Capitol Corp.* v. *Superior Court* (1967) 251 Cal.App.2d 125 [59 Cal.Rptr. 231].) There is no reason why the same rule should not be applied to a foreign corporation. It has been held that section 351 of the Code of Civil Procedure,[4] the general provision tolling the running of the statute of limitation, is not applicable to foreign corporations because of the Corporations Code provisions permitting substituted service upon foreign corporations. (*Loope* v. *Greyhound Lines, Inc.* (1952) 114 Cal.App.2d 611, 614 [250 P.2d 651]; accord: *Walker* v. *L. E. Meyers Constr. Co.* (1936) 175 Okla. 548, 549-550 [53 P.2d 547, 548-549]; *Hamilton* v. *North Pac. S.S. Co.* (1917) 84 Ore. 71, 77-78 [164 P. 579, 581].) Due process does not permit holding even a foreign corporation in limbo at the whim of a plaintiff if the plaintiff has available an effective method of substituted service by

---

[3]This statute which read: "An appeal may be taken from a superior court in the following cases: . . . 4. From an order granting a motion to quash service of summons" was repealed by Stats. 1968, ch. 385, § 1 and is now found in Code of Civil Procedure, section 904.1, subdivision (c).

[4]"If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

which he can obtain personal jurisdiction over the foreign corporation in order to obtain a personal judgment. The policy considerations[5] demanding this result in the application of statutes like section 351 apply with equal vigor to the tolling provision in section 581a of the Code of Civil Procedure. (Cf. Veh. Code, § 17463 providing for a similar rule as to nonresident motorists.)

As we shall shortly point out, plaintiff had an effective means of obtaining personal jurisdiction over Klaveness by substituted service; consequently, we hold that Klaveness was within the state rendering inapplicable that portion of section 581a of the Code of Civil Procedure which tolls the running of the three-year period while a defendant is out of the state.

### III.

■ Plaintiff next contends that he should not have the dismissal provision of section 581a applied to him because at the time he filed his lawsuit it was "extremely doubtful that service of process could be consummated under section 6500 et seq. of the Corporations Code." We find no merit to this argument.

At the time plaintiff filed his action there were available to him such cases as *James R. Twiss, Ltd.* v. *Superior Court* (1963) 215 Cal.App.2d 247 [30 Cal.Rptr. 98] and *Emsco Pavement etc. Corp.* v. *City of Los Angeles* (1959) 176 Cal.App.2d 760 [1 Cal.Rptr. 814], which construed and applied *International Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057] and *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199] to actions involving foreign merchant ships calling at California ports. The court in *Twiss* indicated that, in the absence of a specifically applicable special statutory provision for serving a nonresident foreign corporation, service of process "could be made under section 411, subdivision 2, of the Code of Civil Procedure, and sections 6500-6504 of the Corporations Code." (215 Cal.App.2d 247, at p. 253.) The dicta, if not the holdings, in *Twiss* and *Emsco Pavement etc. Corp., supra,* gave adequate notice that service under sections 6500-6504 of the Corporations Code was available where a minimum contact to satisfy due process could be found.

There was such a contact in this case. Plaintiff averred in his complaint that he was injured on March 12, 1963, while employed as a longshoreman by Metropolitan Stevedore Company, while aboard the *S. S. Baleares* to perform work thereon and while acting within the course and scope of his employment aboard the vessel which was docked at Los Angeles Harbor, Berth 160, on navigable waters of the United States. He alleged that

---

[5]See Note (1969) 15 Wayne L.Rev. 912; (1958) 12 Vand. L.Rev. 295.

"defendants" owned, operated, managed, maintained and controlled the *S. S. Baleares,* and used and employed the vessel in the transportation of cargo for hire in interstate and foreign commerce. In elaborating upon his allegations as to negligence of the "defendants," he alleged, inter alia, "the cargo was discharged in a dangerous, defective, and hazardous manner," thus indicating that Klaveness was engaged in unloading cargo from the *S. S. Baleares* for which purpose it had entered Los Angeles Harbor.

## IV.

Finally, plaintiff contends that as to the fictitiously named Doe defendants the three-year provision in section 581a should be held to commence running from the date of service of summons rather than from the date of commencement of the action. The law is to the contrary. (*Dresser* v. *Superior Court* (1964) 231 Cal.App.2d 68, 75, 78 [41 Cal. Rptr. 473]; cf. *Taliaferro* v. *Riddle* (1959) 167 Cal.App.2d 567, 569, fn. [334 P.2d 950]; cf. *Brock* v. *Fouchy* (1946) 76 Cal.App.2d 363, 365, 368, 372 [172 P.2d 945] [dealing with portion of section 581a requiring issuance of summons within one year after filing of action].)

## V.

The attempted appeal from the nonappealable unsigned minute order granting defendant Klaveness' motion to dismiss the action against it is dismissed.

Stephens, Acting P. J., and Reppy, J., concurred.