Filed 10/21/24; certified for publication 11/5/24 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GREGORY HAIDET et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> DEL MAR WOODS HOMEOWNERS ASSOCIATION, <br><br> Defendant and Respondent. | D082923 <br><br><br> (Super. Ct. No. 37-2022-00043096-CU-BC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge. Affirmed.

Wingert Grebing Brubaker & Juskie, Stephen C. Grebing and Taylor A. Getman for Plaintiffs and Appellants.

Epsten, Joyce J. Kapsal and Joseph A. Sammartino for Defendant and Respondent.

INTRODUCTION

Condominium owners Gregory and Kathleen Haidet filed this action against their homeowners association, Del Mar Woods Homeowners Association (the HOA), and others alleging that their upstairs neighbors'

improperly installed floors are a nuisance.  The HOA demurred to the Haidets' initial complaint.

The trial court sustained the demurrer, dismissing one cause of action without leave to amend and two causes of action with leave to amend.  The Haidets opted not to amend their claims against the HOA, instead filing an amended complaint naming only other defendants.  The Haidets filed a motion to dismiss the HOA *without* prejudice, while the HOA filed a motion to dismiss *with* prejudice.  The trial court granted the HOA's request for dismissal and awarded the HOA attorney fees.

The Haidets appeal, arguing the trial court should have dismissed the HOA without prejudice because, among other things:  (1) the Haidets filed a timely amended complaint, (2) they subsequently filed a request for dismissal without prejudice, and (3) although they did not name the HOA in their amended complaint, they could have stated valid claims against the HOA. We find these arguments unpersuasive in light of Code of Civil Procedure[1] section 581, subdivision (f)(2), and related authorities.

The Haidets also challenge the trial court's determination that the HOA was the "prevailing party" for purposes of Civil Code section 5975 and its attendant award of $48,229.08 in attorney fees.  We find no abuse of discretion in the court's determination.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The Haidets filed a complaint in 2022 alleging that, as a result of their upstairs neighbors' failure to properly install hardwood flooring, they "are daily, constantly and continuously subjected to the transmission of sound and noise . . . caused by walking on the non-compliant hard wood flooring and

---

[1]	Further undesignated statutory references are to the Code of Civil Procedure.

incorrect sound barrier."  The Haidets claimed that the neighbors failed to comply with governing documents, including the HOA's Covenants, Conditions and Restrictions (CC&Rs).  The Haidets asserted causes of action for breach of contract, breach of fiduciary duty, and declaratory relief against the HOA.  The HOA filed a demurrer seeking dismissal of all three causes of action.

The trial court sustained the HOA's demurrer as to all claims.  The court found the Haidets' breach of contract claim failed because the CC&Rs were "entirely silent as to the need of a homeowner to obtain HOA consent prior to installing hardwood flooring."  Further, although the Haidets relied on a Policy, Procedure, & Specification Manual, because that document was not in effect until November 2010, it did not support a breach that purportedly occurred in 2009.  The court dismissed this cause of action with leave to amend.  The court next found that all of the Haidets' claims were time-barred because they had notice of their claims starting in 2016 and did not file until 2022.  The court also gave the Haidets leave to amend to cure this defect.  Finally, the court found that the Haidets failed to adequately rebut the HOA's arguments that it " 'had no *fiduciary duty* to exercise [its] discretion one way or the other with regard to' a structural violation of the CC&Rs," and "that the business judgment rule applies to the HOA's decisions."  The court dismissed the breach of fiduciary duty claim without leave to amend.  The court issued its decision on March 17, 2023.

On April 5, the Haidets were served notice of the ruling via electronic service.  On April 6, the HOA filed an ex parte request for dismissal with prejudice and entry of judgment and motion for attorney fees.  On April 14, the Haidets filed a first amended complaint (FAC) in which they failed to include the HOA as a defendant.  Four days later, the Haidets filed a request

3

to dismiss the HOA without prejudice. The clerk rejected the Haidets' filing on the ground that the HOA was "no longer an active case participant."

Pursuant to a request from the court, the HOA filed a renewed motion on July 3. On August 4, after receiving briefing and hearing argument from the parties, the court granted the HOA's motion for fees and request for a judgment of dismissal with prejudice.

The court found, "[b]y [omitting the HOA, the Haidets] acquiesced to the sustaining of the demurrer and lost their right to file a voluntary dismissal." The court concluded that the Haidets' "later attempt[ ] to voluntarily dismiss [the] HOA [was] of no consequence as their FAC omit[ing] [the] HOA had already been filed." The court found that a judgment of dismissal was appropriate under section 581, subdivision (f)(2), which provides, "The court may dismiss the complaint as to that defendant when . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

The court also awarded fees to the HOA pursuant to Civil Code section 5975, subdivision (c), which states, "In an action to enforce the governing documents [of a common interest development], the prevailing party shall be awarded reasonable attorney's fees and costs." The court concluded that the HOA was the "prevailing party" because, "viewing the record in this case on a practical level, [the] HOA clearly achieved its litigation objectives" by means of its successful demurrer and the Haidets' omission of the HOA from their FAC. The court found, based on the HOA's billing records and declarations, "[t]he rates and time spent [were] reasonable," and the HOA was entitled to $48,229.08 in fees and costs.

4

DISCUSSION

A. *Dismissal with Prejudice*

The Haidets principally contend that the court did not have the statutory authority to dismiss the HOA with prejudice, a legal question that we review de novo. (See, e.g., *Guardianship of Saul H.* (2022) 13 Cal.5th 827, 847.) Because we conclude that the trial court was permitted, but not required, to dismiss under section 581, subdivision (f)(2), we then review its exercise of that authority for abuse of discretion. (See *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)

1. *The Right to Voluntary Dismissal Without Prejudice*

Under section 581, subdivision (f)(2), if a "demurrer was sustained as to *all* causes of action against one of several codefendants, and the time to amend has expired, that defendant may obtain a dismissal." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶ 7:145.) "The phrase 'may dismiss' means discretionary dismissal." (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 329 (*Cano*).) However, if a court exercises discretion to dismiss, it must do so with prejudice. (*Id.* at pp. 329–330.)

The Haidets did not timely amend their claims against the HOA, and the HOA filed a request for dismissal with prejudice. Thus, under a plain application of section 581, subdivision (f)(2), the court was authorized to dismiss the HOA with prejudice.

The Haidets, however, argue they had a right to dismiss the HOA without prejudice before the time to amend expired. Indeed, "[a] plaintiff may dismiss . . . as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial." (§ 581, subd. (c).)[2] Thus, after a

---

2    The Haidets principally rely on section 581, subdivision (b)(1), which states: "An action may be dismissed . . . [w]ith or without prejudice, upon

5

demurrer is sustained without leave to amend, a plaintiff can dismiss a defendant as a matter of right by filing a request for dismissal without prejudice before filing an amended complaint as to the other defendants. (Cf. *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789–790 (*Wells*) [noting in dicta, "right of voluntary dismissal . . . is not barred until expiration of plaintiff's time to amend after the sustaining of the demurrer"].) Alternatively, a plaintiff can exercise this right by filing an amended complaint continuing to assert claims against that defendant and *then* filing a request for dismissal without prejudice. (See *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778, 785 [amended complaint replaces original complaint, such that "until a demurrer to that amended complaint had been sustained, there was no decision sustaining the demurrer"].) However, the Haidets failed to exercise either option, instead electing to amend their complaint and then, several days later, seeking to dismiss. As we shall explain, the Haidets thereby forfeited the right to voluntary dismissal without prejudice.

The Haidets first claim that the filing of the amended complaint was itself a request for dismissal without prejudice that should have automatically operated to dismiss the HOA without prejudice.[3] They argue

written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any." The Haidets did not seek to dismiss "an action," which "means any civil action or special proceeding." (*Id.*, subd. (a)(1).)

[3] We understand the Haidets to concede that the breach of fiduciary duty claim was correctly dismissed with prejudice after the court sustained the HOA's demurrer without leave to amend. Thus, the Haidets cannot dispute that the court had the authority to enter judgment with prejudice as to this claim notwithstanding the FAC. (See *Wells, supra,* 29 Cal.3d at p. 785 [right

6

that the trial court thereafter lost jurisdiction to dismiss with prejudice. "[A]lthough the filing of such an amended pleading operates in substance as a dismissal," it must be "perfected through entry of an order or judgment of dismissal." (*Boonyarit v. Payless Shoesource, Inc.* (2006) 145 Cal.App.4th 1188, 1193; see also § 581d [dismissal ordered by the court does not become effective until a signed, written order of dismissal has been filed]; *White v. Ostly* (1959) 173 Cal.App.2d 636, 639 ["The history of section 581d discloses that the Legislature intended by it to provide a specific method for obtaining a judgment after failure to amend a complaint to which a demurrer had been sustained."].) The trial court did not automatically lose jurisdiction to dismiss with prejudice following the Haidets' amendment.

The Haidets quote *Fireman's Fund Insurance Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1143 (*Sparks*), which states, "[A] first amended complaint [omitting defendants] itself would constitute the necessary request for dismissal." *Sparks* cites no authority for this proposition. (*Ibid.*, citing *Richards & Knox v. Bradley* (1900) 129 Cal. 670, 672 [request for dismissal may be made in open court], *Holland v. Morgan & Peacock Properties Co.* (1959) 168 Cal.App.2d 212, 213 [same], and § 581, subd. (m) ["The provisions of this section shall not be deemed to be an exclusive enumeration of the court's power to dismiss an action or dismiss a complaint as to a defendant."].) In addition, *Sparks* concerned the ability to dismiss "Doe defendants," not a real party. (*Id.* at pp. 1140–1141.) It is unclear that there is any need to distinguish between a dismissal "in substance" and a perfected dismissal in such a case, as a fictitious party cannot invoke section 581, subdivision (f)(2) or move for costs and fees.

---

to voluntary dismissal "was ended when a trial court order sustained a defendant's general demurrer without leave to amend"].)

More importantly though, *Sparks* did not involve an amended complaint filed *after* a demurrer. (*Sparks, supra*, 114 Cal.App.4th at pp. 1140–1141.) While it may be fair in some cases to presume the plaintiff's intent to dismiss without prejudice, there is a competing presumption when a plaintiff elects not to amend after the claims were tested via demurrer and deemed deficient. (See, e.g., *Soliz v. Williams* (1999) 74 Cal.App.4th 577, 585 ["When a plaintiff elects not to amend the complaint, it is presumed that the complaint states as strong a case as is possible . . . ."].) Moreover, failure to amend triggers the potential application of section 581, subdivision (f)(2). (See *Cano, supra*, 143 Cal.App.4th at p. 330.) We therefore decline to extend *Sparks* to the circumstances here.

The Haidets further claim that their request for dismissal without prejudice should have been granted as a matter of right because it was filed before their time to amend had expired.[4] There is no authority for the proposition that plaintiffs are entitled to dismissal without prejudice if, as the Haidets have done, they file an amended complaint omitting a defendant and *then* seek voluntary dismissal of that defendant. We conclude that where a court sustains a demurrer with leave to amend, there is no continued right

---

[4]    The Haidets extensively argue the purported infirmity of the trial court's wavier-of-notice rule, which stated, "On all future dates, NOTICE IS WAIVED, unless stated otherwise." The trial court did not find that notice was waived, or that the Haidets' FAC was untimely. On appeal, the HOA concedes that the FAC was timely filed as measured from service of the notice of order. (See §§ 472b ["When a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order . . . ."], 1010.6, subd. (a)(3)(B) [time to respond "shall be extended after service by electronic means by two court days"].) The validity of the trial court's departmental rule is thus not relevant to this appeal, and the Haidets' request for judicial notice of this rule is denied.

to voluntary dismissal without prejudice after a plaintiff has amended the complaint to omit a defendant.  Rather, the trial court has discretion to dismiss with prejudice upon motion by either party.  (§ 581, subd. (f)(2).)

There are several reasons supporting our understanding of section 581.  First, after filing their amended complaint, the Haidets' right to further amend their complaint was a matter " 'of grace, not of right.' " (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)  Although the time to amend had not yet expired, the Haidets could not have amended to once more state claims against the HOA without leave of court.  (Cf. § 472 ["A party may amend its pleading *once* without leave of the court . . . ."], italics added.)  Thus, by the time they filed their request for dismissal, the Haidets had already confirmed that they would *not* be exercising their right to amend claims against the HOA.  Such confirmation is inconsistent with an unfettered right to voluntary dismissal.  (See *Cano, supra*, 143 Cal.App.4th at p. 330 ["Plaintiff forfeited his right to dismiss without prejudice when he filed the fourth amended complaint and did not name defendant."].)

Second, our interpretation furthers the legislative purpose of section 581, which is " 'to allow a plaintiff a certain amount of freedom of action within the limits prescribed by the code[,]' [citation] . . . other statutory provisions, judicial procedures or public policy." (*Zapanta v. Universal Care, Inc.* (2003) 107 Cal.App.4th 1167, 1174.)  Indeed, our Supreme Court has acknowledged that the best reading of section 581 is the one that harmonizes its provisions, even if that cabins the right to voluntary dismissal.  (See *Wells, supra,* 29 Cal.3d at pp. 788–790.)  As we have already noted, plaintiffs have several procedural options to exercise the *right* to dismiss without prejudice.  We see no reason to sanction an additional pathway that creates tension with section 581, subdivision (f)(2) and other rules of civil procedure.

9

Third, our interpretation is consonant with the weight of authority. In *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 200, the court surveyed cases addressing the right to voluntary dismissal and synthesized the following rule: If there has been "a public and formal indication by the trial court of the legal merits of the case, or . . . some procedural dereliction by the dismissing plaintiff that made dismissal otherwise *inevitable*, then the voluntary dismissal is ineffective." Our analysis fits well within this paradigm, as the trial court found that the original complaint failed to state a claim for relief against the HOA, thereby giving "a public and formal indication by the trial court of the legal merits of" those allegations. (*Ibid.*) Thereafter, the Haidets failed to amend their claims against the HOA, a "procedural dereliction . . . that made dismissal otherwise *inevitable*." (*Ibid.*)

2.    *The Trial Court's Exercise of Discretion*

As we have concluded the trial court was permitted but not required to dismiss with prejudice under section 581, subdivision (f)(2), we evaluate its decision for an abuse of discretion. " ' "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law." ' " (*Espejo v. The Copley Press, Inc.* (2017) 13 Cal.App.5th 329, 378.)

The Haidets argue that because they *could have* amended their complaint to state valid claims against the HOA, the trial court abused its discretion in granting the HOA's motion to dismiss. Although, assuming this

is true,[5] this is one factor the court could consider in its exercise of discretion, it does not itself create a basis for reversal. The court here could also consider that the Haidets deprived the HOA of the chance to test the allegations of the FAC, and that refusing to dismiss the HOA with prejudice would put the HOA "in perpetual limbo." (*Cano, supra,* 143 Cal.App.4th at p. 330.) The court also could reasonably consider the Haidets' concession they "could achieve their main litigation goal without including the [HOA] as a party." We do not see an abuse of discretion in these circumstances.

B.     *Attorney Fees*

The Haidets also argue the trial court erred by awarding fees to the HOA as a "prevailing party." We disagree.

Civil Code section 5975, subdivision (c) provides: "In an action to enforce the governing documents [of a common interest development], the prevailing party shall be awarded reasonable attorney's fees and costs." Where, as here, a statute does not define "prevailing party," "a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 621–622.) Even where a plaintiff voluntarily dismisses claims, the court may determine who was a prevailing party. (*Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873, 877.) We review such a decision for

---

5     The Haidets fail to present any legal argument supporting this claim, instead pointing to the trial court's overruling of the other defendants' demurrer to the FAC. Courts of appeal may not generally consider events that post-date the judgment being challenged. Because the Haidets do not prevail even if we credit their position, we assume without deciding that they are correct.

abuse of discretion. (*Heather Farms Homeowners Assn. Inc. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574.)

In granting the HOA's fee request, the trial court found the "HOA achieved its litigation objectives by succeeding in its demurrer which led to [the Haidets] omitting it from [the FAC]" and to the judgment of dismissal. The court noted that the Haidets had not achieved any of their litigation goals against the HOA, but instead, after losing the demurrer, "decided not to move forward" with the HOA as a defendant.

We think the court's exercise of discretion was within reason. The HOA filed a successful demurrer, and the Haidets were persuaded to drop the HOA from their suit. The Haidets argue that the trial court's ruling was based on its incorrect conclusions that their "claims against Defendant HOA were found to be meritless at the demurrer stage" and they "knew their claims against Defendant HOA had failed at the demurrer stage." We see no error in these characterizations; the trial court found that the original complaint failed to state any claims for relief against the HOA, and the Haidets elected not to amend their claims against the HOA. Even crediting that this was a strategic decision rather than an acknowledgement that they *could not* state a claim against the HOA, it was reasonable for the trial court to conclude that the HOA's successful litigation efforts convinced the Haidets not to proceed against it. The HOA "prevailed at the pleading stage and is entitled to attorney fees." (*Cano, supra*, 143 Cal.App.4th at p. 331.)

Finally, the Haidets argue that the trial court should only have awarded fees attributable to the breach of fiduciary duty claim, which was dismissed without leave to amend. For the reasons discussed above, we disagree. The HOA obtained all of its litigation objectives through dismissal

of all claims against it.  The trial court did not abuse its discretion by awarding fees attributable to the HOA's defense of the action as a whole.

## DISPOSITION

The judgment is affirmed.  The HOA may recover its costs on appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GREGORY HAIDET et al.,<br><br>   Plaintiffs and Appellants,<br><br>   v.<br><br>DEL MAR WOODS HOMEOWNERS ASSOCIATION,<br><br>   Defendant and Respondent. | D082923<br><br><br><br>(Super. Ct. No. 37-2022-00043096-CU-BC-CTL)<br><br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed October 21, 2024 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.


McCONNELL, P. J.

Copies to: All parties