Filed 4/17/26  Marriage of O'Donnell CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| In re the Marriage of JENNIFER and KEVIN O'DONNELL. | C103685 |
| JENNIFER O'DONNELL,<br>        Appellant,<br><br>v.<br><br>KEVIN O'DONNELL,<br>        Respondent. | (Super. Ct. No. S-DR-0053020) |

Petitioner and appellant Jennifer O'Donnell appeals from a March 5, 2025, order of the trial court.  The only March 5, 2025, document in the record before this court that is possibly an order is a document labeled "COURT MINUTES" (the minutes).  The minutes describe the trial court's ruling on respondent Kevin O'Donnell's September 26, 2024, request to modify his prior spousal and child support obligations, the trial court's ruling that respondent's circumstances had changed, the trial court's order modifying respondent's support obligation retractive to October 1, 2024, and the court's finding that while the request was pending respondent had overpaid both spousal and child support.

In the minutes the trial court ordered, "the minutes to be sent to the Self-Help Center for preparation of the [Final Order After Hearing]."  According to the certified modified settled statement on appeal, "[n]o formal findings and order after hearing was

1

entered for the March 5, 2025 hearing." Thus, "[o]ur review of the record discloses no formal order, and the parties have not directed our attention to any formal order. [¶] Accordingly, there is no order for us to review." (*Banning v. Newdow* (2004) 119 Cal.App.4th 438, 457-458.)

"It is a matter of trial court procedure whether the court chooses to make its final decision by the entry in the minutes of an order without a direction that a written order be prepared, signed and filed, or elects to enter a direction that a formal order be prepared." (*Herrscher v. Herrscher* (1953) 41 Cal.2d 300, 304.) "As this court has previously held, 'where a formal order is required, a minute order is not appealable.' (*Banning v. Newdow, supra,* 119 Cal.App.4th at p. 458.)" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1091; see also *Herrscher v. Herrscher, supra,* 41 Cal.2d at p. 304 ["It has been decided that where findings of fact or a further or formal order is required, an appeal does not lie from a minute order"]; *In re Marriage of Goldman* (2025) 107 Cal.App.5th 1258, 1264, fn. 6; *Estate of Sapp* (2019) 36 Cal.App.5th 86, 101; Cal. Rules of Court, rule 8.104(c)(2) [identifying the date of entry of an order as the date it is signed and filed when a minute order directs the preparation of a written order].)

Because the record does not contain and the parties have not identified an appealable order, we dismiss this appeal. (*Smith v. Smith, supra,* 208 Cal.App.4th at p. 1091.)

DISPOSITION

The appeal is dismissed due to lack of an appealable order. Pursuant to California Rules of Court, rule 8.278(a)(1)-(2) respondent is awarded his costs on appeal.


/s/ _____
HULL, Acting P. J.

We concur:


/s _____
ROBIE, J.


/s _____
WISEMAN, J.*

_____

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.