Filed 2/19/14  Montgomery v. Los Angeles County CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GERALD MONTGOMERY, | B244168 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC481718) |
| v. | |
| LOS ANGELES COUNTY et al., | |
| Defendants and Respondents. | |

Appeal from orders of the Superior Court of Los Angeles County, Charles F. Palmer, Judge.  Affirmed as to Los Angeles County.  Appeal dismissed as to Wal-Mart Stores, Inc.

Gerald Montgomery, in pro. per., Plaintiff and Appellant.

Pettit Kohn Ingrassia & Lutz, Valerie Garcia Hong, Jenna H. Leyton-Jones, Lauren E. Schue, for Defendant and Respondent Wal-Mart Stores, Inc.

Nelson & Fulton, Henry Patrick Nelson and Rina Mathevosian, for Defendant and Respondent, Los Angeles County.

_____

Gerald Montgomery appeals from an order dismissing his lawsuit against Los Angeles County after the court sustained the County's demurrer to his complaint with leave to amend and Montgomery failed to file an amended complaint within the court-ordered 15-day period. Montgomery also purports to appeal from an order denying his request for entry of default against Wal-Mart Stores, Inc. We affirm the order dismissing the action against the County. We dismiss the appeal from the order denying Montgomery's request for entry of default for lack of an appealable order.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint*

On March 29, 2012 Montgomery filed a form complaint against the County and Wal-Mart, as well as several of their respective employees,[1] alleging claims for civil rights violations, negligence and fraud arising out of an incident in which he was apparently arrested for shoplifting items from a Wal-Mart store. Although far from clear, the complaint appears to allege a sheriff's deputy filed a fictitious police report and tampered with evidence. It also alleges Wal-Mart negligently supervised its employee, causing Montgomery to suffer damages.

2. *The County's Demurrer*

On April 17, 2012 the County demurred to the complaint on the ground it was uncertain, ambiguous, unintelligible, failed to identify a statute authorizing a claim for liability against a public entity and failed to state a cause of action. On September 10, 2012 the court sustained the County's demurrer and gave Montgomery 15 days leave to file an amended complaint. Notice of ruling was mailed to Montgomery on September 10, 2012.

---

[1]     In addition to the County and Wal-Mart, the complaint named the Los Angeles County Sheriff's Department, Los Angeles County Sheriff Lee Baca, Los Angeles County Sheriff's Deputy Joshua Whiting, Kelly Robbins and Steven Gay. Only the County and Wal-Mart have appeared in the action.

3. *Montgomery's Request for Entry of Default Against Wal-Mart*

On June 20, 2012 Montgomery apparently filed a request to enter a default against Wal-Mart, which had not yet appeared or responded to the complaint. The request was rejected by the clerk as deficient because the statement of damages did not indicate the name of the defendant served. Wal-Mart demurred to the complaint the next day, asserting many of the same grounds presented by the County in its earlier demurrer.[2]

On September 11, 2012 Montgomery filed a document entitled motion seeking entry of default and a default judgment against Wal-Mart, arguing default was required because Wal-Mart had demurred long after the 30-day time period for filing a responsive pleading. On September 21, 2012, following a telephonic hearing, the court denied the request for entry of default. The court ruled the motion lacked sufficient notice pursuant to Code of Civil Procedure section 1005, subdivision (b), failed to include a proof of service and lacked any substantive merit.[3]

4. *The County's Request for Dismissal*

On October 10, 2012 the County filed an ex parte application for dismissal pursuant to Code of Civil Procedure section 581, subdivision (f)(2), on the ground Montgomery had failed to file an amended complaint within the time period ordered by the court. Montgomery, who had been given notice of the ex parte proceeding on October 2, 2012, appeared for the October 10, 2012 hearing. The trial court granted the County's ex parte application and dismissed the action.[4]

---

[2] Wal-Mart maintained it had not been served with the summons and complaint, but elected to appear and file a responsive pleading as soon as it learned about the case.

[3] The court also ruled, erroneously, that, in light of the County's demurrer sustained on September 10, 2012, there was no operative pleading against Wal-Mart. In fact, the court had not yet ruled on Wal-Mart's demurrer. On September 21, 2012 Montgomery filed a notice of appeal from the court's order denying his request for entry of Wal-Mart's default.

[4] On October 11, 2012 Montgomery filed a timely notice of appeal from the court's written order of dismissal.

5. *The Trial Court's Ruling on Wal-Mart's Demurrer*

On December 4, 2012 the court sustained Wal-Mart's demurrer with leave to amend. On February 5, 2013 the trial court stayed further proceedings in the matter pending resolution of the instant appeal.

## DISCUSSION

1. *Montgomery Has Not Demonstrated the Court Erred in Granting the County's Request for Dismissal*

Code of Civil Procedure section 581, subdivision (f)(2), authorizes the court to dismiss a complaint after a demurrer has been "sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." The dismissal may be requested and granted in ex parte proceedings. (See Cal. Rules of Court, rule 3.1320(h) ["[a] motion to dismiss the entire action and for entry of judgment after expiration of the time to amend following the sustaining of a demurrer may be made by ex parte application to the court under Code of Civil Procedure section 581(f)(2)"]; *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789; *Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330.)

Montgomery does not challenge the court's order sustaining the demurrer with leave to amend, nor does he offer any substantive argument or authority challenging the dismissal of the action against the County. Accordingly, he has forfeited any challenge to the propriety of the order of dismissal. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 [appellate court may treat as forfeited any argument not "supported by both coherent argument and pertinent legal authority"].) Moreover, it is clear from the record the dismissal of the action was statutorily authorized. (Code Civ. Proc., § 581, subd. (f)(2); *Cano v. Glover, supra,* 143 Cal.App.4th at pp. 329-330.)

2. *The Order Denying Montgomery's Request for Entry of Default and Default Judgment Against Wal-Mart Is Not an Appealable Order*

The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Here, Montgomery's case remains pending against Wal-Mart in the

4

trial court. The denial of a request to enter a default or default judgment is not among the statutorily designated interlocutory orders that may be appealed (see Code Civ. Proc., § 904.1, subd. (a)), nor is the denial of a request for entry of default in this case tantamount to a final judgment. (See *Lyon v. Goss* (1942) 19 Cal.2d 659, 669-670 ["it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory"]; *Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101-1102; see generally *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [a judgment is final """when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined"""].)

The appeal from the September 21, 2012 order must be dismissed. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696-697.)

## DISPOSITION

The October 10, 2012 order of dismissal in favor of the County is affirmed. Montgomery's appeal from the court's September 21, 2012 order denying his request for entry of default and default judgment against Wal-Mart is dismissed.


PERLUSS, P. J.


We concur:


WOODS, J.                    SEGAL, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5