Filed 9/22/14  Sheldon v. Strong CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDWIN CRAIG SHELDON,<br><br>　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>KATHLEEN STRONG,<br><br>　　Defendant and Respondent. | G048770<br><br>(Super. Ct. No. 30-2010-00427473)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gail A. Andler, Judge.  Affirmed.  Motion for sanctions denied.

Law Offices of Michael G. York and Michael G. York for Plaintiff and Appellant.

Kathleen Strong, in pro. per.; Law Offices of David J. Harter and David J. Harter for Defendant and Respondent.

\*　　　　\*　　　　\*

This appeal represents a small offshoot of a much bigger and highly contentious dispute involving the competing claims of several attorneys to share in a large sum of attorney fees and costs awarded as sanctions in an underlying case. While our record is relatively modest, it includes the superior court clerk's register of actions for the entire case, which runs *291 pages.* However, we address only an appeal from a judgment awarding costs in favor of one of the several defendants, after one of the several plaintiffs elected to withdraw from the field of battle.

Appellant Edwin Craig Sheldon was one of four plaintiffs named in a complaint alleging a cause of action for declaratory relief against four defendants, and seeking a resolution of all defendants' competing claims to share in the sanction award. Three of the four plaintiffs, including Sheldon, were the clients in the underlying case and claim no share of the money themselves. Instead, they allegedly support the claim of the fourth plaintiff – their most recent attorney in the underlying case – that the sanction award belongs entirely to him. In March 2014, two and a half years after the declaratory relief action was filed, Sheldon's lawyer and the lawyer for one of the cross-complainants, Wendy Reed, signed and filed a "Request for Dismissal" reflecting the dismissal of Sheldon both as a plaintiff and as a cross-defendant in Reed's cross-complaint. Respondent Kathleen Strong, another of the attorney defendants, then filed a memorandum of costs, claiming to be a "prevailing party" as against Sheldon on the complaint. Although Sheldon moved to tax costs and argued Strong was not entitled to be considered a "prevailing party," the court disagreed and subsequently entered a judgment for $3,924 in costs against him and in favor of Strong.

Sheldon contends the court erred by treating Strong as a prevailing party for purposes of a cost award, because while he agrees his withdrawal from the case was a "dismissal," it did not extinguish, or even affect, any cause of action involving her. Instead, he merely assigned his rights against Strong to one of his coplaintiffs. Sheldon also argues that even if Strong were properly designated as the prevailing party for

2

purposes of a cost award, the court nonetheless erred by refusing to strike the "electronic filing fees" incurred by Strong as an item of recoverable costs. We disagree with both contentions and affirm the award.

A dismissal of a cause of action gives rise to an entitlement to costs, even if that dismissal is without prejudice and the plaintiff intends to refile the cause of action against the same defendant at a later point. The fact plaintiff assigned his claim against the defendant to a third party, rather than planning to refile it himself, changes nothing. It was dismissed.

Sheldon's challenge to the inclusion of electronic filing fees in the cost award fares no better. Because electronic filing was made mandatory in the Orange County Superior Court, the expenses associated with it are properly viewed as recoverable costs under the standards set forth in Code of Civil Procedure section 1033.5, subd. (c) (all further statutory references are to this code), and the court did not err in awarding them.

Although we affirm the judgment, we reject Strong's motion for sanctions. The unusual circumstances of the case, combined with the lack of any evidence Sheldon pursued this appeal in bad faith, precludes such an award.

FACTS

The complaint for declaratory relief was filed in November 2010. It alleges that plaintiff Bill Suojanen, an attorney, represented plaintiffs Sheldon, Ali Beydoun and Amer Jnied in the trial of an underlying lawsuit against Novell, Inc. Plaintiffs prevailed at that trial, but their victory was reversed on appeal. However, in connection with that reversal, the appellate court also ordered Novell to pay attorney fees and other expenses incurred by plaintiffs in that initial trial, as a discovery sanction. The amount of that sanction was later set at $1 million.

3

Although attorney Suojanen claimed the attorney fee award belonged exclusively to him, other attorneys who had done earlier work on the underlying case, including Strong, asserted claims to share in it. According to the complaint, Strong claimed a lien on the funds by virtue of (1) an earlier judgment she had obtained against Suojanen's defunct law corporation, and (2) her representation of plaintiff Jnied prior to trial in the underlying case.

Another defendant, attorney Reed, is alleged to claim a lien on the funds by virtue of her former partnership with Suojanen, and her pretrial representation of all three plaintiffs in the underlying case.

Two other corporations, including one law firm, are alleged to claim a lien on the funds based on a judgment obtained against Jnied.

All three plaintiffs who were the clients in the underlying case, Sheldon, Beydoun and Jnied, joined in Suojanen's assertion that the fund belongs to him exclusively and none claimed any entitlement to it.

Based on those allegations, the four plaintiffs collectively sought a judicial declaration as to all parties' rights and duties in connection with the sanction award.

Reed filed a cross-complaint, naming as cross-defendants all parties to the complaint, plus additional cross-defendants. Strong also filed a cross-complaint, likewise naming a plethora of cross-defendants, but excluding plaintiffs Sheldon and Beydoun from that list. Consistent with the allegations of the complaint for declaratory relief, Strong's cross-complaint alleges she is entitled to share in the sanction award by virtue of (1) a written fee agreement with Jnied, her former client, and (2) an agreement with Suojanen and his former law office.

In March 2013, Sheldon filed a form "Request for Dismissal" document, reflecting the dismissal, without prejudice, of "both [the] complaint and [Reed's] cross-complaint as to Edwin Craig Sheldon only." (Initial capitalization omitted.) The document was signed by Sheldon's lawyer as well as cross-complainant Reed's lawyer.

4

Because Strong did not cross-complain against Sheldon, the dismissal of Sheldon as a cross-defendant does not affect the issues before us.

Strong promptly responded to the request for dismissal by filing a memorandum of costs, seeking an award of $7,193 against Sheldon. Sheldon moved to tax costs, asserting that several items sought by Strong were improper, and also arguing that Strong had not prevailed on any claim because he had assigned his claims against her to Jnied. While the court agreed that some of Strong's claimed costs were not recoverable, it rejected Sheldon's broader contention that Strong was not a prevailing party. In the court's view, "once Sheldon filed an unqualified dismissal of all his claims against all defendants named in his complaint, including Strong," she was automatically entitled to a prevailing party status under section 1032(a)(4), as "'a defendant in whose favor a dismissal is entered.'"

DISCUSSION

*1. Sheldon's Assignment of his Claim did not Preclude a Cost Award*

Section 1032, determines when a party qualifies as a prevailing party in an "action or proceeding" for purposes of entitlement to costs. It specifies that the term "prevailing party" includes "a defendant in whose favor a dismissal is entered." (§ 1032, subd. (a)(4).)

Moreover, a "[d]efendant is entitled to costs regardless of whether the dismissal is with or without prejudice." (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 331; see *International Industries, Inc. v. Olen* (1978) 21 Cal.3d. 218, 221, superseded by statute on another point [dismissal without prejudice entitles the defendant to recover filing fees as matter of right].)

Sheldon concedes his withdrawal from the complaint qualified as a dismissal. Nonetheless, he argues that because he also assigned his substantive claim

5

against Strong to his coplaintiff Jneid, that dismissal should not trigger any award of costs in her favor. We cannot agree.

Sheldon's reliance on the assignment to Jnied as a basis for avoiding costs is unpersuasive. Assuming Sheldon had assigned his *pending cause of action* to Jnied, he could not then purport to dismiss it because he would no longer own it. And if the theory was that Sheldon had assigned to Jnied only his inchoate right to pursue a claim against Strong, with the understanding that Jnied would then *refile that claim* in his own name following Sheldon's request for dismissal, that would not relieve Sheldon of the obligation to pay costs to Strong.

As we have already noted, a dismissal of a cause of action without prejudice triggers a defendant's right to costs, even if the plaintiff intends to refile that same cause of action against the same defendant. Consequently, the right to costs under section 1032, subdivision (a)(4) is tied to the outcome of Sheldon's specific cause of action or complaint, rather than either the continued viability of the claims stated, or his *reasons* for voluntarily dismissing. Thus, the fact Sheldon may have intended Jnied would be refiling the cause of action he had dismissed against Strong changes nothing. A dismissal in favor of Strong on that cause of action, however temporary, would trigger her absolute right to costs.

*2. The Court Properly Treated Strong's Electronic Filing Fees as Recoverable Costs*

Sheldon separately challenges the court's inclusion of Strong's electronic filing fees within her recoverable costs. We conclude the court properly determined that the expense of electronic filing, which was made mandatory in the Orange County Superior Court as part of a pilot project, is a recoverable cost.

Whether costs are recoverable is determined pursuant to section 1033.5, which sets forth a list of costs that are always recoverable by a party determined to be a prevailing party under section 1032, as well a list of costs that are not recoverable unless

6

otherwise expressly authorized by law. (§ 1033.5, subds. (a), (b).) Both parties agree that electronic filing fees are not included on either list.

But subdivision (c) of section 1033.5 then allows for an award of other costs not listed, "in the court's discretion" (§ 1033.5, subd. (c)(4)), and provides general guidelines to be used by the court in exercising that discretion: "Allowable costs shall be reasonably *necessary* to the conduct of the litigation rather than *merely convenient or beneficial* to its preparation" and "shall be reasonable in amount." (§ 1033.5, subd. (c)(2), (3), italics added.) Thus, our task is to determine whether the court abused its discretion under these guidelines when it determined that electronic filing fees were recoverable. It did not.

The program mandating electronic filing of documents in Orange County Superior Court was established pursuant to section 1010.6, subdivision (d)(1), which specifically allowed the court to do so as a pilot project. The subdivision required the court to ensure access to "more than one electronic filing service provider capable of electronically filing documents with the court, or to electronic filing access directly through the court." It allowed the court to charge "no more than the actual cost of the electronic filing," and specified that "[a]ny fees charged by an electronic filing service provider shall be reasonable." In either case, the cost was specifically required to be "waived when deemed appropriate by the court, including, but not limited to, for any party who has received a fee waiver." (§ 1010.6, subd. (d)(1)(B).)

Because the electronic filing fees were mandatory under Orange County Superior Court's pilot project and the amount that could be charged – even by third party filing services – was regulated by statute and the court, those fees complied in all respects with the guidelines set forth in section 1033.5, subdivision (c)(2) and (3), for determining whether a cost item not otherwise listed in the statute should be deemed recoverable. Hence, we certainly cannot conclude the trial court abused its discretion by allowing their recovery.

7

And while there is some surface appeal in Sheldon's attempt to characterize electronic filing as simply an alternative means of *transmitting* documents to court – and by extension to compare the fees associated with electronic filing to the often non-recoverable costs associated with those other transmittal methods – the comparison breaks down when considered against the language of the statue.

Significantly, the statute nowhere references document "transmittal" costs, as a category, as being either recoverable or not. Thus, the mere fact that electronic filing resulted in a document arriving at the court – or more precisely, that it obviated the need to transmit a physical document to the court does not imply that the expense of that service should not be recoverable. But more to the point, when we compare those other *transmittal* costs to the statutory guidelines for determining recoverable costs, it is clear why a court would not abuse its discretion by determining they were *not recoverable*.

By contrast to the electronic filing fees, none of the presumptively nonrecoverable *transmittal* fees cited by Sheldon – e.g., fax-filing fees or Fed Ex charges – would qualify as a *mandatory* aspect of litigation. As a general matter, the courts do not care how litigants transmit their documents to the clerk for filing – if a party wishes to avoid all expense, including regular postage, and simply walk the document to the courthouse and present it to the clerk in person, that is allowed. Every alternative method of transmittal, which requires the involvement of a third party and thus some cost, is presumably chosen for the party's own *convenience*. Nor is there any guarantee that a party's chosen method of transmittal would represent a reasonable cost, given available alternatives. Hence those optional transmittal costs might not, as a general rule, satisfy the guidelines established by section 1033.5, subdivision (c)(2) and (3), for determining when the prevailing party's *unlisted* cost items should be deemed recoverable.

And of course, if a prevailing party is able to demonstrate that transmittal costs incurred in a case were reasonably necessary, the court also would not abuse its discretion by allowing those costs to be recovered. Thus, in *Ladas v. California State*

*Auto Assn.* (1993) 19 Cal.App.4th 761, the court concluded it was not an abuse of discretion for the trial court to allow a prevailing party to recover $2,518.91 in courier and messenger charges "incurred for such matters as filing documents with the court, complying with appellants' document demands, and transporting exhibits to and from the courtroom," because a supporting declaration "provides substantial evidence that these charges were reasonably necessary." (*Id.* at p. 776.)

Here, because the electronic filing fees were actually mandated, the court did not abuse its discretion by including them within recoverable costs.

*3. Sanctions*

Strong has moved for an award of monetary sanctions against Sheldon, arguing that his appeal from the cost award was both frivolous and taken solely for the purposes of delay. (§ 907.) As emphasized in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, however, "the punishment should be used most sparingly to deter only the most egregious conduct." (*Id.* at p. 651.) This appeal certainly does not meet that standard.

Underlying Sheldon's appeal is the fact that his withdrawal as a plaintiff in this case did not appear to resolve any substantive issues in Strong's favor. She is no closer to obtaining a judgment which entitles her to a share in the underlying sanctions award than she was before Sheldon withdrew. And while Sheldon does not dispute that his withdrawal qualified as a "dismissal" – indeed he expressly conceded the point at oral argument – it is clear his claim for reversal is based on the belief that the unusual circumstances of this case should nonetheless have allowed the court some discretion to deny costs.

While we cannot agree with that contention, we also cannot conclude it is so outrageous that "any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 650.)

9

And of course, Sheldon's challenge to the inclusion of electronic filing fees in Strong's recoverable costs presents an issue which we have not yet had occasion to squarely address. The attempt to equate electronic filing fees with transmittal costs was not unreasonable.

Finally, we find no support for Strong's claim that Sheldon pursued this appeal solely for the purposes of delay. She bases her contention on the fact he filed his notice of appeal just before he would have been required to submit to her judgment debtor's exam, implying he must have done it solely as a means of avoiding that process. But we could just as easily question Strong's own motive in choosing to pursue such an aggressive collection technique *even before the cost judgment was final*. The mere fact Sheldon waited until near the end of the period allowed to file his appeal does not suggest bad faith.

## DISPOSITION

The judgment is affirmed. The motion for sanctions is denied. The parties are to bear their own costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.

10