Filed 12/12/24  Mitchell v. William Warren Group CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| OLIVER B. MITCHELL III,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WILLIAM WARREN GROUP, INC.,<br><br>    Defendant and Respondent. | B335504<br><br>(Los Angeles County Super. Ct. No. 23STCV10822)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN THE JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on November 21, 2024, be modified as follows:

1. On page two, under the "Procedural Background" heading, replace the first full paragraph, beginning "Plaintiff sued the Group," with:

> Plaintiff sued the Group in April 2022 (the original complaint).  In January 2023, the trial court sustained the Group's demurrer and motion to strike plaintiff's complaint on the ground that it failed to allege sufficient facts on several elements critical to state each cause of action.  Plaintiff was given an opportunity to amend his complaint to allege the necessary facts, but he failed to file any amended pleading and, in May 2023, the trial court "dismissed [the action] without prejudice" "pursuant to" Code of Civil Procedure section 581, subdivision (f).

2. At the end of the last sentence of the above-inserted paragraph, insert the following footnote:

> All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3. On page two, in the first sentence of the paragraph beginning "Three days after," delete "May 2023" before "dismissal" and insert "order" after "dismissal," so that the sentence reads:

> Three days after that dismissal order, plaintiff sued the Group again.

4. On page two, in the second sentence of the paragraph beginning "Three days after," which begins "Plaintiff's 119-paragraph complaint," replace "prior lawsuit" with "original complaint," so that the beginning of the sentence reads:

> Plaintiff's 119-paragraph complaint (the new complaint) alleged the same eight claims as in the original complaint—namely, . . .

5. On page three, replace the first sentence of the paragraph beginning "In June 2023," with:

> The Group filed a demurrer again, as well as a motion to strike the punitive damages allegations.

6. On page three, replace the third sentence of the paragraph beginning "In June 2023," which begins "The court reasoned," with:

> The court reasoned that because the bulk of the new complaint's allegations copied those in the original complaint that was dismissed, res judicata precluded re-litigation of those allegations.

7. On page three, in the fourth sentence of the paragraph beginning "In June 2023," which begins "The court nevertheless," replace "last case" with "original complaint" and add "also" between "were" and "insufficient," so that the full sentence reads:

The court nevertheless recognized that the new complaint alleged two acts occurring *after* the original complaint was filed and that the res judicata bar did not apply to those acts; while the allegations of these acts were also insufficient by themselves to state any of the eight claims in the new complaint, the court recognized that those allegations might support other claims and granted plaintiff leave to amend to articulate those other claims.

8. On pages three and four, in the first sentence of the paragraph beginning "After the 30-day window," add "new" between "plaintiff's" and "complaint," delete "Code of Civil Procedure" after "pursuant to," and delete the footnote appearing at the end of the sentence, so that the full sentence reads:

   After the 30-day window closed, the Group filed an ex parte application seeking dismissal of plaintiff's new complaint pursuant to section 581, subdivision (f)(2).

9. On page four, in the last sentence of the first paragraph, which begins "When plaintiff did not appear," add "new" between "plaintiff's" and "complaint," so that the full sentence reads:

   When plaintiff did not appear at the continued hearing despite being properly served with notice of the new hearing's date and time, the trial court

granted the application and dismissed plaintiff's new complaint with prejudice.

10.    On page four, in the first sentence of the third paragraph under the "Discussion" heading beginning "A trial court may dismiss," add "or granted a motion to strike" after "sustained a demurrer," so that the full sentence reads:

A trial court may dismiss a complaint with prejudice if it has sustained a demurrer or granted a motion to strike with leave to amend and the plaintiff does not file an amended complaint within the allotted time.

11.    On page four, in the citation following the first sentence of the third paragraph under the "Discussion" heading, delete "(2)" after "581, subd. (f)," and add "(*Cano*)" after "*Cano v. Glover* (2006) 143 Cal.App.4th 326," so that the full citation sentence reads:

(§ 581, subd. (f); *Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330 (*Cano*); *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613-614.)

12.    On page four, in the first sentence of the paragraph beginning "First plaintiff argues," replace "in the first place" with "to his new complaint," so that the full sentence reads:

First, plaintiff argues that the trial court "misapplied" the doctrine of res judicata when sustaining the demurrer to his new complaint; had the demurrer been overruled, plaintiff continues, he would never have been required to file an amended complaint.

13. On page five, in the first full sentence of the first paragraph, beginning "Although plaintiff's attack," add "to the allegations cut-and-pasted from the original complaint while declining to apply res judicata to the 'new or additional facts' set forth in the new complaint" to the end of the sentence, so that the full sentence reads:

> Although plaintiff's attack on the underlying demurrer ruling is cognizable (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 753), it falters on the merits because the trial court correctly applied res judicata to the allegations cut-and-pasted from the original complaint while declining to apply res judicata to the "new or additional facts" set forth in the new complaint.

14. On page five, in the sentence beginning "There is no dispute that" in the first paragraph, replace "operative complaint in the prior litigation" with "original complaint," so that the full sentence reads:

6

There is no dispute that the original complaint and the new complaint involve the same causes of action between the same parties.

15.    On page five, replace the last sentence of the first paragraph, beginning "Thus, the trial court correctly applied" with the following:

To be sure, and as noted in plaintiff's petition for rehearing, the order dismissing the original complaint states that it was "dismissed without prejudice" and "[a] dismissal without prejudice . . . is not a bar to another action by the plaintiff on the same cause." (*Gagnon Co. v. Nevada Desert Inn, Inc.* (1995) 45 Cal.2d 448, 455; *Williams v. City of Oakland* (1973) 30 Cal.App.3d 64, 69.) But dismissal of plaintiff's original complaint *without* prejudice was, as a matter of law, not permitted when he failed to amend his pleading following a demurrer for failure to allege sufficient facts to state a cause of action and a successful motion to strike. Pursuant to section 581, subdivision (f)—the provision expressly cited by the trial court in the dismissal order—once the court exercised its discretion to dismiss plaintiff's original complaint, dismissal *with* prejudice was required. (*Cano, supra*, 143 Cal.App.4th at pp. 329-330; *Wells*, at p. 789; *Haidet v. Del Mar Woods Homeowners Assn.* (2024) 106 Cal.App.5th 530, 536 ["if a court exercises discretion to dismiss, it must do so with prejudice"]; see also *Kruss v. Booth* (2010) 185

7

Cal.App.4th 699, 713, fn. 14 [describing *Cano* as "a gloss on" section 581, subdivision (f) which, unlike the other subdivisions, is silent as to dismissal with or without prejudice].) Thus, res judicata applied to the allegations repeated from the (effectively) prejudicially dismissed, original complaint in the new complaint.

16. On page five, in the first sentence of the paragraph beginning "Second, plaintiff argues," delete "October 16, 2023" before "order sustaining the demurrer" and add "to his new complaint" between "sustaining the demurrer" and "with leave to amend," so that the full sentence reads:

Second, plaintiff argues that the trial court erred in denying his 41-page motion to reconsider the order sustaining the demurrer to his new complaint without leave to amend; had it been granted, plaintiff continues, he would never have been required to file an amended complaint.

\*       \*       \*

There is no change in the judgment.

Appellant's petition for rehearing is denied.

8

_____

ASHMANN-GERST, Acting P.J.    CHAVEZ, J.   HOFFSTADT, J.

Filed 11/21/24  Mitchell v. William Warren Group CA2/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| OLIVER B. MITCHELL III, | B335504 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCV10822) |
| v. | |
| WILLIAM WARREN GROUP, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Cherol Nellon, Judge.  Affirmed.

Oliver B. Mitchell III, in pro. per., for Plaintiff and Appellant.

Bremer, Whyte, Brown & O'Meara, Kyle P. Carroll, and Sukayna Jaidi for Defendant and Respondent.

\* \* \* \* \* \*

Oliver B. Mitchell III (plaintiff) argues that the trial court erred in dismissing his complaint with prejudice when he did not file an amended complaint after the court granted him leave to do so following the sustaining of a demurrer. This ruling was not an abuse of discretion, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

In November 2019, plaintiff signed a monthly rental contract with StorQuest for a 5-foot by 10-foot storage unit. StorQuest is the business name used by William Warren Group, Inc. (the Group). He owed $136 per month.

When a Los Angeles city ordinance went into effect in the early days of the COVID-19 pandemic that placed a moratorium on evictions, plaintiff stopped paying rent in August 2020. By May 2022, plaintiff owed $3,257 in unpaid rent; by October 2023, that amount had risen to $6,509.15.

### II. Procedural Background

Plaintiff sued the Group in 2022, and the trial court dismissed the operative complaint without prejudice when plaintiff opted not to file an amended complaint after the court sustained a demurrer with leave to amend.

Three days after that May 2023 dismissal, plaintiff sued the Group again. Plaintiff's 119-paragraph complaint (the new complaint) alleged the same eight claims as in the prior lawsuit—namely, (1) sexual harassment under the Unruh Act (Civ. Code, § 51), (2) sex discrimination under the Unruh Act (*ibid.*), (3) gender

2

violence (*id.*, § 52.4), (4) breach of contract, (5) negligence, (6) conversion, (7) civil conspiracy, and (8) intentional infliction of emotional distress.  Plaintiff sought compensatory and punitive damages as well as declaratory and injunctive relief.

In June 2023, the Group filed a demurrer to the new complaint as well as a motion to strike its punitive damages allegations.  After a full round of briefing and a hearing, the trial court in October 2023 sustained the demurrer with leave to amend.  The court reasoned that the bulk of the new complaint's allegations copied those in the previously dismissed complaint and that res judicata precluded re-litigation of those allegations.  The court nevertheless recognized that the new complaint alleged two acts occurring *after* the last case was filed and that the res judicata bar did not apply to those acts; while the allegations of these acts were insufficient by themselves to state any of the eight claims in the new complaint, the court recognized that those allegations might support other claims and granted plaintiff leave to amend to articulate those other claims.  The court granted plaintiff 30 days to file an amended complaint.  In light of this disposition, the court simultaneously denied as moot plaintiff's earlier-filed motion to amend the new complaint to add a claim seeking to rescind a settlement agreement plaintiff signed in this case.

Twenty-one days later, plaintiff filed a motion asking the trial court to reconsider its ruling on the demurrer, which the trial court denied.  Plaintiff did not file an amended complaint within 30 days of the demurrer ruling.

After the 30-day window closed, the Group filed an ex parte application seeking dismissal of plaintiff's complaint pursuant to

3

Code of Civil Procedure section 581, subdivision (f)(2).[1]  When plaintiff did not appear at the scheduled hearing despite being properly served, the trial court continued the hearing for a week. When plaintiff did not appear at the continued hearing despite being properly served with notice of the new hearing's date and time, the trial court granted the application and dismissed plaintiff's complaint with prejudice.

Plaintiff filed this timely appeal.

## DISCUSSION

Plaintiff's chief argument on appeal is that the trial court erred in dismissing his new complaint with prejudice.

This argument lacks merit.

A trial court may dismiss a complaint with prejudice if it has sustained a demurrer with leave to amend and the plaintiff does not file an amended complaint within the allotted time.  (§ 581, subd. (f)(2); *Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330; *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613-614.)  We review such a dismissal for an abuse of discretion.  (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)  Because it is undisputed that plaintiff did not file an amended complaint within the allotted time, the court acted squarely within its discretion in dismissing the new complaint with prejudice.

Plaintiff resists this conclusion with what boils down to four further arguments.

First, plaintiff argues that the trial court "misapplied" the doctrine of res judicata when sustaining the demurrer in the first place; had the demurrer been overruled, plaintiff continues, he

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

would never have been required to file an amended complaint. Although plaintiff's attack on the underlying demurrer ruling is cognizable (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 753), it falters on the merits because the trial court correctly applied res judicata. The species of res judicata relevant here—namely, claim preclusion—"'prevents relitigation'" in a second suit "involv[ing] (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824-825.) There is no dispute that the operative complaint in the prior litigation and the new complaint involve the same causes of action between the same parties. A prior dismissal for failure to file an amended pleading after sustaining a demurrer constitutes a preclusive "'judgment on the merits to the extent that [the demurrer] adjudicates that the facts alleged do not constitute a cause of action,'" but *not* to the extent that "'new or additional facts are alleged that cure the defects'" in that prior pleading. (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789.) Thus, the trial court correctly applied res judicata to the allegations adjudicated in the prior lawsuit while declining to apply res judicata to the "new or additional facts" set forth in the new complaint.

Second, plaintiff argues that the trial court erred in denying his 41-page motion to reconsider the October 16, 2023 order sustaining the demurrer with leave to amend; had it been granted, plaintiff continues, he would never have been required to file an amended complaint. This argument also falters on the merits. The court ruled that plaintiff's motion for reconsideration was untimely (because it was filed more than 10 days after the challenged ruling), and not a proper motion for reconsideration

5

because it "simply re-argue[d] the demurrer" rather than presenting new facts or new law, as required by section 1008. Plaintiff does not challenge either of those findings; nor could he, as they are both correct. Instead, plaintiff urges that the court erred in reading only the first 15 pages of his 40-page motion. This was consistent with the Rule of Court limiting such motions to 15 pages. (Cal. Rules of Court, rule 3.1113(d).) What is more, nothing in the last 25 pages alters the motion's untimeliness or its failure to do anything beyond re-argue the demurrer.

Third, plaintiff argues that the trial court did not "afford[]" him "an opportunity to correct any potential deficiency through an amended complaint," and thereby violated due process, equal protection, and the First Amendment. We need not delve into the complexities of his constitutional claims because their factual premise is incorrect. The record unequivocally establishes that plaintiff *was* afforded an opportunity to "correct any potential deficiency through an amended complaint." He simply elected not to use it.

Fourth and finally, plaintiff argues that the trial court violated due process because the court had "conspicuous animus towards" him and "seemed impulsive." For support, plaintiff cites the fact that the court ruled against him on the merits. Because adverse rulings are not, without more, evidence of judicial bias (e.g., *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674), plaintiff's argument is without any factual foundation.

## DISPOSITION

The judgment is affirmed.  The Group is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.

HOFFSTADT

We concur:

_____, Acting P. J.

ASHMANN-GERST

_____, J.

CHAVEZ