Filed 8/15/25  Jones v. Brown CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LAVERNE NORMAN JONES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GORDON D. BROWN,<br><br>    Defendant and Appellant. | A169426<br><br>(San Mateo County<br>Super. Court No. 23-CIV-01355) |

Plaintiff Laverne Norman Jones appeals from a judgment entered against her due to her failure to file a timely amended complaint after the trial court granted defendant Gordon Brown's demurrer and gave Jones leave to amend.  Brown cross-appeals, contending the trial court should have entered its judgment of dismissal with, instead of without, prejudice.  We affirm the trial court's dismissal of the case against Brown, but we remand for the court to enter the judgment with prejudice.

I.
BACKGROUND

Jones sued Brown and others for alleged wrongdoing in relation to a trust and the disposition of a home, but the facts underlying the dispute are immaterial to the issues in this appeal.  Brown demurred to Jones's complaint, and in early September 2023 the trial court sustained the

demurrer on the basis of the statute of limitations. The court granted Jones leave to file an amended complaint, giving her a deadline of September 20 by which to do it. Jones did not file an amended complaint (although she claims she emailed one to the court), and in early November the court issued an order to show cause why her case against Brown should not be dismissed. After holding a hearing, the court dismissed Jones's claims against Brown, and entered a judgment in his favor, but did so without prejudice.[1]

In its dismissal order, the trial court rejected Jones's excuse that she was unable to file the amended complaint before the deadline because she was "bedridden" and "too sick to come to [the] Court to file her papers." The court found that the excuse fell flat because Jones reported she fell ill on October 11, which was after the expiration of the court's deadline. The court also found that Jones "knows how to properly file documents" and that Jones's contentions were "belied by the fact[s] that [Jones] has successfully electronically filed documents" and "attended a hearing in this action on October 4, 2023."

Jones filed a notice of appeal, purporting to appeal not only from the judgment of dismissal but also from an order granting attorney fees. Brown, however, was not awarded attorney fees in connection with the dismissal.[2]

---

[1] " 'A dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations.' " (*Cardiff Equities, Inc. v. Superior Court* (2008) 166 Cal.App.4th 1541, 1550.)

[2] On appeal, Jones presents no arguments regarding attorney fees in relation to the dismissal of her case against Brown. In her respondent's brief on the cross-appeal, she states the "orders granting attorney fees and other fees should be set aside as soon as possible" (capitalization omitted), but she appears to be complaining about fees that were awarded to Brown's co-defendants in connection with an anti-SLAPP proceeding. We deem any

## II.
### DISCUSSION

*A.     The Trial Court Did Not Abuse Its Discretion in Dismissing Jones's Claims Against Brown.*

Under Code of Civil Procedure, section 581, subdivision (f)(2) (section 581(f)(2)), a trial court may dismiss a complaint as to a defendant when "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."  We review a trial court's dismissal under this rule for an abuse of discretion.  (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)  The burden is on the plaintiff to establish such an abuse.  (*Ibid.*)

We begin by addressing the state of Jones's appellate briefing.  Jones's briefing is extensive, but it mainly advances arguments that do not pertain to the validity of the trial court's order dismissing her case against Brown.  In her 103-page opening brief, Jones complains about myriad perceived wrongs, mostly in an unfocused and near-incomprehensible manner.  She raises issues about defendants who are not parties to this appeal, objects to orders and proceedings unrelated to the dismissal order at issue,[3] alleges wrongdoing and bias on the part of the trial court, and belabors the wrongdoing she claims defendants perpetrated on her.  But she barely discusses the actual issue in this appeal, which is the validity of the trial

---

arguments regarding attorney fees related to Brown's dismissal to be forfeited.

[3] Many of her arguments appear to pertain to an anti-SLAPP order entered in favor of Brown's co-defendants.  We previously dismissed a separate appeal by Jones from that order.  (*Jones v. Norman* (Apr. 15, 2025, A168857) [nonpub. opn.].)

court's ruling dismissing her case on the basis that she failed to timely file an amended complaint.

In her opening brief, she states in passing that she "e-filed her amended complaint by the deadline BUT was unaware that it did not go through" and did not know that emailing it to the trial court "was not allowed." She later repeats that she "served and filed her amended complaint electronically BUT did not realize that her complaint did not go through. Plus, she incorrectly filed her complaint electronically with the Court which is not allowed." Jones's opening brief is also filled with general assertions— such as the trial judge was biased or defendants' "fraud on the court vitiates all orders"—but they are conclusory and lack coherent analysis or explanation as to how they relate to the validity of Brown's dismissal order. In her 38-page reply brief, she continues her protests but still fails to address the dismissal order with any specificity, analysis, or legal citations. Finally, in her 39-page respondent's brief filed in connection with Brown's cross-appeal, Jones includes a heading stating the "dismissal with prejudice order is not supported by the facts or evidence in this matter." (Capitalization omitted.) But no argument follows, and the issue is left completely undeveloped.

In light of this briefing, we must conclude that Jones has forfeited her challenge to the dismissal order and resulting judgment. The "cardinal rule of appellate review" is that "a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Jones's arguments wholly fail to demonstrate any such error. (See *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942–943 ["a brief must contain ' "meaningful legal analysis supported by citations to authority and

4

citations to facts in the record that support the claim of error" ' . . . or else we will deem all points 'to be forfeited as unsupported by "adequate factual or legal analysis" ' "].)

Jones's unrepresented status may explain the shortcomings of her briefing, but it does not excuse them. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "]; see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Even if we were to conclude that Jones preserved her challenge to the dismissal order, we would reject it on its merits. A court's discretion is abused only when its ruling is "so irrational or arbitrary that no reasonable person could agree with it." (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) Nothing in the record suggests that the dismissal order comes even close to meeting this standard. As we have said, section 581(f)(2) authorizes a court to dismiss a complaint when "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court." The trial court here gave Jones until September 23 to file an amended complaint, but she failed to file one. The court gave Jones the opportunity to show why her case against Brown should not be dismissed, but it found Jones not credible and found no compelling reason to excuse her from not complying with the filing deadline. On the record before us, we perceive no abuse of discretion.

B. *The Trial Court Should Have Dismissed the Action with Prejudice.*

Although the trial court properly exercised its discretion in dismissing Jones's case against Brown, it incorrectly entered the dismissal without prejudice. California law is settled that when a plaintiff fails to timely file an amended complaint after a demurrer is sustained with leave to amend, the

5

defendant is entitled to a judgment of dismissal with prejudice. Thus, the issue presented is a question of law, which we consider under a de novo standard review, meaning we decide the legal issue without giving deference to the trial court's ruling. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

The applicable rule was discussed in *Cano v. Glover* (2006) 143 Cal.App.4th 326. *Cano* reiterated that "[s]ection 581[(f)(2)] ' . . . gives the defendant the right to obtain a court order dismissing the action with prejudice once the court sustains a demurrer with leave to amend and the plaintiff has not amended within the time given.' " (*Id*. at p. 330.) Dismissing a case without prejudice, when the defendant has the right to have it dismissed with prejudice, leaves the defendant "in perpetual limbo" and "the obvious consequence . . . would be to prolong, rather than to terminate, litigation," which would "not serve the orderly and timely disposition of civil lawsuits." (*Ibid*.) The rule was succinctly reiterated in *Haidet v. Del Mar Woods Homeowners Assn.* (2024) 106 Cal.App.5th 530, which stated that when a court exercises its discretion to dismiss a case for failure to timely amend after a demurrer has been sustained, "it must do so with prejudice." (*Id*. at p. 536.) Jones presents no contrary authority. Brown is entitled to have the dismissal against him entered with prejudice.

### III.
### DISPOSITION

The order dismissing Jones's case against Brown is affirmed, but the matter is remanded for the trial court to enter the judgment of dismissal with prejudice. Brown is awarded his appellate costs.

6

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.



_____

Smiley, J.



*Jones v. Brown* A169426

7